## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CRESCENT CITY SURGICAL CENTRE** | * | **CIVIL ACTION NO.** |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| | * | **JUDGE:** |
| **vs.** | * | |
| | * | **MAGISTRATE:** |
| **UNITEDHEALTHCARE** | * | |
| **OF LOUISIANA, INC.** | * | |
| | * | |
| **DEFENDANT** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

**NOW INTO COURT**, comes UnitedHealthcare of Louisiana, Inc. ("United"), who, pursuant to 28 U.S.C. §§ 1441 and 1446, files a Notice of Removal of this case, entitled *Crescent City Surgical Centre v. UnitedHealthcare of Louisiana, Inc.*, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (Docket No. 793,775), to the United States District Court for the Eastern District of Louisiana.  United files this Notice of Removal without waiving any rights, defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this removal, United respectfully represents:

### BACKGROUND

1.      On April 20, 2019, Crescent City Surgical Centre ("Crescent") filed a Petition for Damages against United in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, Civil Action No. 793,775.

2.      Crescent served United's registered agent for service of process, CT Corporation System, with the citation and Petition on April 24, 2019.

3.      In a conclusory manner and without any specificity, Crescent alleges that it provided services to patients insured by United and that United: 1) breached a contract between the parties by failing to pay a reasonable amount for services rendered to United insureds by Crescent; 2) violated the Louisiana Unfair Trade Practices Act; 3) caused Crescent to rely upon its representations to its detriment; 4) misrepresented the amount it would pay Crescent and defrauded Crescent by systematically failing to pay a reasonable amount; and 5) negligently misrepresented information to Crescent regarding the agreement or offer to pay Crescent for the provision of medical services.

4.      The Petition does not explicitly assert a claim under the Employee Retirement Income Security Act of 1974 ("ERISA").  Instead, it attempts to waive and disclaim any relief governed by or available pursuant to ERISA, the Federal Employees Health Benefits Act, federal common law, or any claims involving a federal officer.  Therefore, United could not have removed this based on the information contained in the petition and in particular the lack of specificity therein.

5.      United then propounded and served its first set of discovery requests on Crescent on June 19, 2019. As the Petition does not include any specific factual allegations regarding any alleged contract, representation, United member/insured, amount paid, or amount owed, United's discovery requests sought specification of Crescent's claims, including the identity of the United's insureds to which Crescent allegedly provided medical services and seeks payment.

6.      On August 20, 2019, United received Crescent's written discovery responses and document production in response to its first set of discovery requests.[1]

---

[1] The letter accompanying the discovery responses and document production provides that it was hand-delivered on August 16, 2019; however, it was not actually delivered to United's counsel until August 20, 2019.

7.     The document production included patient files and an insurance payment analysis for approximately 1200 patients, what Crescent purports is every United member/insured treated by Crescent from 2011-2016.

8.     The patient files include biographical data forms, patient agreements, letters honoring "in network benefits," limited power of attorney authorizations, appeal authorizations, and member authorization forms for a designated representative to appeal a determination.

9.     The biographical data forms identify the patient's insurance information, including group and policy numbers.  From the document production, United was able to identify self-funded employee health and welfare plans covering the patients treated.  *See* Exhibit A, Declaration of Jane E. Stalinksi.  While United is still going through the list of approximately 1200 patients, it has already identified a number of self-funded employee health and welfare plans governed by ERISA *See* Exhibit A, A-1, A-2, and A-3, employee health and welfare benefit plans identified from Crescent's August 20, 2019 production.

10.    The patient agreements contain "Assignment of Benefits and Reimbursements Rights" provisions. In particular, the assignment provision states: "I agree to assign all benefits, reimbursement and appellate rights to which I am entitled and which are otherwise payable to me, CCSC, its affiliates and my treating physician(s) to admit[,] retain and treat me as a patient." *See* Exhibit B, Crescent Patient Agreement.[2]

11.    The in-network letters are signed by United members/patients and Crescent and state that Crescent will honor the United member/patient's in-network benefits. In return, the letters provide that the United member/patient must forward any checks, other payments, and paperwork,

---

[2] For purposes of this filing, United has redacted the members' identity to protect their privacy.

including any Explanation of Benefits, provided by United to Crescent. *See* Exhibit C, Crescent

In-Network Agreement and Letter.

12.     The limited power of attorney authorizations authorize Crescent to obtain coverage and

seek reimbursement on a patient's behalf. Specifically, the limited power of attorney provides:

> The purpose for which this power of attorney is granted is to allow, authorize, and direct my AGENT(S) to do any and all acts whatsoever necessary to pursue and obtain and confirm health care coverage and reimbursement from my health care insurer, third party administrator, or other responsible party payor, for any and all medical services rendered or to be rendered by Crescent City Surgical Centre Operating Co., LLC.

*See* Exhibit D, Crescent Limited Power of Attorney Authorization.

13.     The appeal authorizations state:

> I, _____, hereby **authorize** Crescent City Surgical Centre to file a 1st and 2nd **Level appeal on my behalf** for services rendered to me on _____.
> Please provide Crescent City Surgical Centre with **any and all** correspondence in relation to the appeals.

*See* Exhibit E, Crescent Appeal Authorization.

14.     The member authorization forms for a designated representative to appeal a determination

provide the following as well:

> I hereby authorize _____ to appeal UnitedHealthcare's determination regarding _____ on my behalf, as my Designated Representative, and, as part of the appeal, I hereby authorize UnitedHealthcare in its decision letter and in connection with the processing of my appeal, to communicate with my Designated Representative in all aspects of the appeal.

*See* Exhibit F, Crescent Member Authorization Form for a Designated Representative to Appeal a

Determination.

15.     Upon receiving this information, it was now clear that Crescent seeks to recover benefits

under self-funded employee health and welfare benefit plans governed by ERISA and this case

arises out of a dispute as to whether Crescent has any right to benefits under the plans identified

in the production.

## FEDERAL QUESTION JURISDICTION

16.     United files this Notice of Removal pursuant to 28 USC § 1441(a), which provides that "any civil action brought in a State court of which district courts of the United States have original jurisdiction may be removed." In addition, 28 USC § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

17.     Further, this Court has jurisdiction over this matter pursuant to 28 USC §§ 1331 and 1441(a).

18.     Claims seeking to recover benefits from health and welfare plans that arise under Section 502(a)(1)(B) of ERISA are completely preempted by ERISA. *Aetna Health Inc. v. Davila*, 542 US 200, 209-212 (2004) (claims relating to 502(a)(1)(B) are "exclusively a federal concern"); *Metropolitan Life Insurance Company v. Taylor*, 41 US 58, 63-64, 95 L.Ed.2d 39, 107 S.Ct. 1549 (1987). A cause of action filed in state court that is completely preempted by ERISA and falls within the scope of § 502(a) is removable to federal court under 28 USC § 1441, as an action arising under federal law, even when the ERISA-related nature of the cause of action does not appear on the petition's face. *Metropolitan*, 481 US at 64; *Hubbard v. Blue Cross and Blue Shield Assoc.*, 42 F.3d 946, fn5 (5th Cir. 1995) ("Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the 'well-pleaded complaint' rule).

19.     Despite its attempt to disclaim and waive all federal and ERISA-related claims, Crescent's document production clearly indicates that its causes of action arise under ERISA, 29 USC § 1001,

*et seq*. Through the United member/patient agreements, limited power of attorney authorizations, in-network letters, and other documents patients are required to execute, Crescent is acting on behalf of and standing in the place of United members/insureds by seeking recovery of benefits under United insurance plans. The recovery sought directly relates to employee health and welfare benefit plans and requires a determination regarding coverage and/or what benefits may be owed to or on behalf of Crescent's patients under these plans.

20.     Therefore, this Court has original federal question jurisdiction over this action. And, any claim or cause of action stated by Crescent as to which this Court might not otherwise have original jurisdiction are appropriate to be heard by this Court pursuant to the doctrine of supplemental jurisdiction. *See* 28 USC § 1367.

## PROCEDURAL REQUIREMENTS

21.     United has a good faith basis for this removal.  As discussed above, Crescent has now provided United with information regarding the patients for which it claims payment is due. United has now identified patients who are covered by employee health and welfare benefit plans governed by ERISA and insured or administered by United.  In addition, the documents produced by Crescent show that Crescent is acting on behalf of and standing in the place of United members/insureds by seeking recovery of benefits under these plans

22.     Removal to this Court is appropriate as the United States District Court for the Eastern District of Louisiana is the district and division within which the state court action is pending.

23.     In accordance with 28 USC § 1446(a), attached hereto are copies of all processes, pleadings, orders and the complete, certified record from the underlying state court action. *See* Exhibit G, State Court Record.

24.    The Notice of Removal is being filed within thirty (30) days after United's receipt of other paper that put it on notice that the claims are preempted and governed by federal law.

25.    There are no other defendants named and/or served in this case; thus, consent from other parties is not required for removal.

26.    No other proceedings have been had in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, as of the date of the filing of this removal.

27.    Upon the filing of this Notice of Removal, United has at the same time given written notification to the state court by filing a Notice of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit H, United's Notice of Filing of Notice of Removal.

28.    United has also given written notification to Crescent, through its counsel of record, by furnishing copes of this Notice of Removal and all attachments hereto.

**WHEREFORE,** UnitedHealthcare of Louisiana, Inc. respectfully requests that this action, now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, bearing Case No. 793, 775, be removed to the United States District Court for the Eastern District of Louisiana and that this Court recognize and exercise its jurisdiction over this action as regards any further proceedings.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s Hunter J. Schoen*
WILLIAM B. GAUDET (#1374)
ELIZABETH A. ROUSSEL (#27943)
SARA C. VALENTINE (#30773)
HUNTER J. SCHOEN (#37682)
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA 70139

7

Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
***Counsel for Defendant,***
***UnitedHealthcare of Louisiana, Inc.***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record by electronic filing system, hand delivery, facsimile, electronic mail, and/or by depositing same in the United States mail, properly addressed, and first class postage prepaid this 13th day of September 2019.

*/s Hunter J. Schoen*
HUNTER J. SCHOEN