FILED FOR RECORD 04/01/2019 15:19:17
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 793-775                          DIVISION: O

CRESCENT CITY SURGICAL CENTRE

VERSUS

UNITEDHEALTHCARE OF LOUISIANA, INC.

FILED: _____     _____

DEPUTY CLERK:

### PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, CRESCENT CITY SURGICAL CENTRE (hereinafter referred to as "Plaintiff" or "Crescent Hospital"), a limited liability company licensed to do and doing business in the Parish of Jefferson, State of Louisiana, who respectfully represents that:

I.

Made Defendant herein is:

A.   UNITEDHEALTHCARE OF LOUISIANA, INC., a Louisiana corporation licensed to do and doing business in this Parish and State;

### II. NATURE OF ACTION

1.   This case concerns plaintiff Crescent Hospital's state law breach of contract claim against defendant, Unitedhealthcare of Louisiana, Inc. (hereinafter referred to as "Defendant" or "Unitedhealthcare") for its continuing failure to pay plaintiff, Crescent Hospital, an appropriate amount of money for medical services provided by Crescent Hospital, which Unitedhealthcare agreed to pay.

2.   Despite Unitedhealthcare's representations, and the parties' ongoing agreement that Unitedhealthcare would pay the out-of-network provider's charges for medical services, Unitedhealthcare has breached its agreement and systematically reduced its payments to Crescent Hospital.

3.   Crescent Hospital, relying on Unitedhealthcare's statements and representations, provided quality services to Unitedhealthcare's customers, only to receive

grossly insufficient payments.  Given Unitedhealthcare's statements and representations, Crescent Hospital is entitled to recover an appropriate reasonable amount for medical services rendered to Unitedhealthcare's customers.

4.      Unitedhealthcare has engaged in systematic, sophisticated, and intentional conduct to avoid paying Crescent Hospital what it should pay for services rendered.

5.      Crescent Hospital has been severely injured and financially damaged as a result of Unitedhealthcare's unlawful actions.

6.      Despite repeated efforts by Crescent Hospital to amicably resolve these issues, its entreaties have been to no avail.

### III. VENUE AND JURISDICTION

7. Venue is proper in this matter pursuant to Louisiana Code of Civil Procedure Arts. 42, 74 and 76.1.  The defendant is domiciled in this Parish and State.

### IV. FACTUAL BACKGROUND

8.      Crescent Hospital provides surgical and related care to patients in the New Orleans area, and has over seventy board-certified physicians on its medical staff.

9.      Crescent Hospital regularly provided medical care to customers of Unitedhealthcare from 2011 through the present, even though the hospital is not within the network of Unitedhealthcare providers.

10.     Numerous Unitedhealthcare customers have chosen to receive their care at Crescent Hospital from its qualified surgeons and medical staff.

11.     Crescent Hospital's care is of the highest quality, and some of the best surgeons seek out opportunities to provide their surgical services there.

12.     Crescent Hospital's charges are fair and reasonable.

13.     Crescent Hospital has had an ongoing, consistent, and systematic business relationship with Unitedhealthcare.

14.     Each and every time before providing services to Unitedhealthcare customers, Crescent Hospital verifies Unitedhealthcare's agreement or offer to pay for services.

15.     Each and every time Crescent Hospital contacts Unitedhealthcare, it verifies that prospective patients are Unitedhealthcare customers that Unitedhealthcare will pay for medical bills for out-of-network medical services, such as those Crescent Hospital provides, and what percentage of medical bills Unitedhealthcare agrees and offers to pay.

16.     Each and every time, based on Unitedhealthcare's communication, Crescent Hospital provides medical services to Unitedhealthcare customers.

17.     After performing services to patients who are Unitedhealthcare's customers, Crescent Hospital timely provides to Unitedhealthcare a bill for services rendered, including a detailed itemization of services and supplies rendered in the course of such care, along with supporting documentation.

18.     Unitedhealthcare required that Crescent Hospital verify Unitedhealthcare's agreement or offer to pay, and the percentage of the bill Unitedhealthcare would pay by referring to Unitedhealthcare's web portal.

19.     Each and every time, Unitedhealthcare's statements regarding what it agreed or offered to pay and percentage of payment as stated on the web portal and otherwise, constitute affirmative representations regarding payment and its responsibility to Crescent Hospital for payment for services rendered by Crescent Hospital to Unitedhealthcare customers.

20.     Through its web portal, each and every time, Unitedhealthcare communicated to Crescent Hospital before Crescent Hospital provided medical services to Unitedhealthcare customers, the fact that Unitedhealthcare would pay and the percentage of the Crescent Hospital medical bill Unitedhealthcare would pay, and Unitedhealthcare expected Crescent Hospital to rely upon the information contained on its web portal, and Crescent Hospital relied upon same and provided medical services to Unitedhealthcare customers.

21.     Each and every time after the medical services were performed by Crescent Hospital, Crescent Hospital prepared and sent a bill for services rendered to Unitedhealthcare.  Unitedhealthcare consistently and systematically failed to pay what it

agreed/offered or a reasonable amount, in violation of Louisiana Law. Instead, Unitedhealthcare only paid cents on the dollar.

22. Distilled, Unitedhealthcare has converted money it owed to Crescent Hospital to its own use.

23. Each and every time Crescent Hospital relied upon and was entitled to rely upon to its detriment Unitedhealthcare's web portal, and other statements made by Unitedhealthcare, whether oral or otherwise, regarding Unitedhealthcare's agreement or offer to pay, and the percentage Unitedhealthcare offered or agreed to pay to Crescent Hospital for medical services rendered by Crescent Hospital to and for Unitedhealthcare customers.

24. Unitedhealthcare published statements to Crescent Hospital that it will pay out-of-network providers a designated percentage of its medical bill.

25. Despite Unitedhealthcare's confirmation that it would pay a designated percentage of Crescent Hospital's bill for out-of-network services, Unitedhealthcare engaged in a systematic, arbitrary and intentional effort to pay Crescent Hospital only cents on the dollar for services it rendered.

26. Unitedhealthcare has engaged in a systematic and improper practice aimed at reducing payments to out-of-network providers.

27. Unitedhealthcare has consistently, systematically, and unreasonably paid Crescent Hospital for medical care, which it offered/agreed to pay Crescent Hospital, cents on the dollar. This systematic and unlawful effort has resulted in Crescent Hospital's being underpaid by millions of dollars.

28. Unitedhealthcare has failed to provide Crescent Hospital with any reasonable basis for its inadequate and extreme underpayments, illustrating that its actions are unilateral and improper.

29. Crescent Hospital has been substantially damaged as a result of Unitedhealthcare's stream of unlawful activities.

## V.  FIRST CAUSE OF ACTION

**BREACH OF CONTRACT - - FAILURE TO PAY A REASONABLE AMOUNT**

30.     Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

31.     Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Unitedhealthcare owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Unitedhealthcare under any and all federal laws, either independently or on behalf of its patients.  See *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, No. CIV. A. 13-21, 2013 WL 5236625, at \*(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co.*, No. 17-10211 (E.D. La. Oct. 11, 2017).

32.     Crescent Hospital is an independent party.  Its claims are based on its status as an out-of-network health provider for medical services rendered, which Unitedhealthcare agrees to pay for and does pay (though extremely underpays) Crescent Hospital,  and are not based on any assignment of benefits from its patients.  Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Unitedhealthcare under any and all federal laws, either independently or on behalf of its patients.

33.     Crescent Hospital's claims are not based on the "relationship between the insured and insurer," but upon Unitedhealthcare's solicitation and knowing acceptance of Crescent Hospital's services.

34.     Each and every time a contract was formed by the consent of the parties (Crescent Hospital and Unitedhealthcare) established through offer and acceptance.

35.     An enforceable contract requires a meeting of the minds, which there was each and every time.

36.   Once an offer is made, consent to a contract need not be expressed in words but may be implied by actions of the parties, as it was here each and every time from 2011 through the present:

A.   Crescent Hospital and Unitedhealthcare have an ongoing, consistent and systematic business relationship.

B.   More particularly, Unitedhealthcare offered to pay Crescent Hospital for the medical services provided to Unitedhealthcare customers. Each and every time the arrangement between the parties to the transactions underlying this lawsuit are routine and familiar, in that the same process of business, contract, billing and extreme underpayment occurs.

C.   Unitedhealthcare communicates to Crescent Hospital, which will be rendering the medical services, the percentage of the Crescent Hospital medical bill it agrees to pay for services rendered to Unitedhealthcare customers.   Unitedhealthcare did this over the telephone, and then through its web portal in response to Crescent Hospital's inquiries.

D.   Unitedhealthcare not only made this information available to Crescent Hospital, it specifically instructed Crescent Hospital to refer to it for information related to what Unitedhealthcare would pay. Specifically, Unitedhealthcare wrote to Crescent Hospital, expressly instructing Crescent Hospital to refer to the its web portal for any information it sought from Unitedhealthcare relating to monetary payments.

E.   In response to and based upon Unitedhealthcare's representations each and every time regarding what it would pay for medical services, Crescent Hospital agreed to render medical services to Unitedhealthcare's customers.   Each and every time before agreeing

to treat a prospective patient, Crescent Hospital first confirmed with Unitedhealthcare the percentage of the bill for the medical services to be performed that Unitedhealthcare agreed or offered to pay. Crescent Hospital verified Unitedhealthcare's offer and its terms through telephone calls, and thereafter, through viewing the offers on Unitedhealthcare's web portal.

F.   Regardless of the means of communication, each and every time Unitedhealthcare communicated to Crescent Hospital that it would pay Crescent Hospital a percentage of its bill. When Crescent Hospital deemed the offer to be acceptable, it accepted the offer by providing the medical services. This resulting performance constitutes an acceptance of Unitedhealthcare's offer and, alone, is sufficient to establish a binding, enforceable contract between the two.

G.   Unitedhealthcare and Crescent Hospital consented to contract through a longstanding business relationship and a consistent course of dealing.

H.   Crescent Hospital has been providing medical services for Unitedhealthcare for years.

I.   In furtherance of this business relationship, Unitedhealthcare, in fact, has in its system a provider identification number specifically for Crescent Hospital, which assists it in processing Crescent Hospital's bills and its resulting payments.

J.   Throughout the course of their dealing, Unitedhealthcare never indicated any desire not to do business with Crescent Hospital. Even after deciding not to engage in telephonic pre-verification of payment, it continued to direct Crescent Hospital to its web portal for such information. Unitedhealthcare never communicated to Crescent Hospital not to treat any Unitedhealthcare customer.

Unitedhealthcare has all along availed itself of Crescent Hospital's providing services to its customers. Crescent Hospital, after providing such services, then billed Unitedhealthcare directly for payment. And, in response to such billing, Unitedhealthcare considered and generally made payments to Crescent Hospital for the services (although not close to the full amount due).

K.    Crescent Hospital's rendering of medical services for Unitedhealthcare customers, its billing Unitedhealthcare for payment for same, and Unitedhealthcare's payments in response demonstrate and confirm the parties' contractual undertaking. <u>Omega Hospital, LLC vs. Louisiana Health Service & Indemnity Co.</u>, 191 So.3d 582 writ denied.

L.    Each and every time, Unitedhealthcare and Crescent Hospital exchanged offer and acceptance via telephonic and internet verifications.

M.   Each and every time, Crescent Hospital contacts Unitedhealthcare to do work, Unitedhealthcare consents to same and confirms its responsibility for the bill.

N.    Each and every time, Crescent Hospital does the work.

O.    Each and every time, Crescent Hospital prepares and sends a bill.

P.    Finally, in the alternative, and to the extent the Court were to find that the parties did not agree upon a set price that Unitedhealthcare would pay for Crescent Hospital's rendering medical services to its customers would not foreclose a finding of an enforceable contract. The fact that the amount of compensation a party is to receive for services rendered was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract, a provision that the party

would be paid a reasonable sum for the services. La. Civ. Code art. 2054.

Q.   In this circumstance, the fact-finder may and will supply a reasonable price for the contract for Unitedhealthcare to pay for medical services rendered by Crescent Hospital.

R.   As a direct result of Unitedhealthcare's breach, Crescent Hospital has suffered damages including La Civil Code Art. 2000, interest damages.

## VI.  SECOND CAUSE OF ACTION

### VIOLATION OF LOUISIANA'S UNFAIR TRADE PRACTICES ACT

37.   Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

38.   Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Unitedhealthcare owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Unitedhealthcare under any and all federal laws.

39.   Fraud, deceit, and misrepresentation constitute "deceptive practices" under the Louisiana Unfair Trade Practices Act. ("LUTPA")

40.   Defendants' improper actions and practices described in this Petition constitute the use or employment of an unfair or deceptive method, act, or practice under Louisiana Revised Statute § 51:1401, *et seq.* Defendants' acts violate public policy and are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious.

41.   As a result of Unitedhealthcare's unfair, pervasive and unlawful practices, Unitedhealthcare has retained and continues to retain monies that it offered or agreed to pay, and which therefore rightfully belong to Crescent Hospital for rendering medical services to Unitedhealthcare customers.

42.   Crescent Hospital has been injured and suffered significant objective losses as a result of the use of Unitedhealthcare's actions, meriting an award of actual damages in an amount to be proven at trial.

43.   Unitedhealthcare's unfair practices are likely to continue absent judicial intervention.

## VII. THIRD CAUSE OF ACTION

### DETRIMENTAL RELIANCE

44.   Crescent Hospital incorporates the foregoing paragraphs as if full stated herein.

45.   Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Unitedhealthcare owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Unitedhealthcare under any and all federal laws, either independently or on behalf of its patients.

46.   Unitedhealthcare is liable to Crescent Hospital under the theory of detrimental reliance under Louisiana Civil Code Art. 1967.

47.   Unitedhealthcare communicated to Crescent Hospital via telephone and on its web portal, that it agreed or offered to pay for Crescent Hospital's provision of medical services to Unitedhealthcare's customers, which induced Crescent Hospital to rely on said information to its detriment.

48.   Crescent Hospital reasonably relied, to its detriment, on representations and statements made by Unitedhealthcare as to the existence and extent of Unitedhealthcare's offer or agreement to pay for Crescent Hospital's provision of medical services to Unitedhealthcare customers.

49.   Crescent Hospital was entitled to rely upon Unitedhealthcare's representations and statements when accepting Unitedhealthcare customers as patients,

based upon Unitedhealthcare's representations that Unitedhealthcare offered or agreed to pay and would pay for out-of-network medical services rendered by Crescent Hospital.

50.   Crescent Hospital has been damaged as a result of Unitedhealthcare's actions in an amount to be proven at trial.

## VIII.  FOURTH CAUSE OF ACTION

## FRAUD

51.   Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

52.   Crescent Hospital does not claim or seek coverage or benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Unitedhealthcare owes directly to Crescent Hospital. Crescent Hospital specifically, refuses to plead and expressly waives any rights it may have against Unitedhealthcare under any and all federal laws, either independently or on behalf of its patients.

53.   Fraud is defined in the Louisiana Civil Code as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." Fraud may result from silence or inaction.  La.C.C. art. 1953.

54.   Unitedhealthcare made representations to Crescent Hospital by inviting Crescent Hospital to verify the terms of Unitedhealthcare's offer or agreement to pay through viewing Unitedhealthcare's web portal, and by providing information on its web portal, and making statements orally and otherwise to Crescent Hospital, which Unitedhealthcare expected Crescent Hospital to rely upon, and which Crescent Hospital did rely upon, regarding Unitedhealthcare's offer or agreement to pay for Crescent Hospital's provision of medical services to Unitedhealthcare customers.

55.   Unitedhealthcare's misrepresentations were of material facts because Crescent Hospital relied, to its detriment, on such misrepresentations and statements made

by Unitedhealthcare as to the existence and extent of Unitedhealthcare's offer or agreement to pay for Crescent Hospital's provision of medical services to Unitedhealthcare customers.

56.    Upon information and belief, Unitedhealthcare intended to deceive Crescent Hospital with its misrepresentations and systematic failure to pay Crescent Hospital a reasonable amount, and obtained an unjust advantage by keeping the monies it promised to pay Crescent Hospital for medical services provided by Crescent Hospital to Unitedhealthcare customers.

57.    Unitedhealthcare has gone so far as to unilaterally and improperly withhold payment (keep Crescent's money) for medical services performed by Crescent to Unitedhealthcare customers at Unitedhealthcare's direction by improperly claiming overpayment for prior payments made by Unitedhealthcare for prior medical services provided by Crescent to Unitedhealthcare customers at Unitedhealthcare's direction in violation of Louisiana law. La R.S. 22:1838, et seq.

58.    Crescent Hospital was reasonably entitled to rely upon Unitedhealthcare's representations and statements in accepting Unitedhealthcare customers as patients, based upon Unitedhealthcare's representations it would pay for care rendered by Crescent Hospital.

59.    Crescent Hospital has been damaged as a result of Unitedhealthcare's fraudulent actions, including extreme underpayment (Unitedhealthcare keeps Crescent Hospital's money), in an amount to be proven at trial.

### IX. SIXTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

60.    Crescent Hospital incorporates the foregoing paragraphs as if fully stated herein.

61.    Crescent Hospital does not claim or seek coverage of benefits on behalf of its patients, and expressly waives same, but instead seeks to enforce independent state law (and not federal law) legal duties that Unitedhealthcare owes directly to Crescent Hospital. Crescent Hospital specifically refuses to plead and expressly waives any rights it may have

against Unitedhealthcare under any and all federal laws, either independently or on behalf of its patients.

62.    Louisiana allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent.

63.    For the cause of action to arise, there must be a legal duty on the part of the defendant to supply correct information to the plaintiff, there must be a breach of that duty, and the breach must have caused plaintiff damage.

64.    In Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. The duty-risk analysis is employed on a case-by-case basis.

65.    Generally, the initial determination in the duty-risk analysis is cause-in-fact.

66.    A plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty breached.

67.    Under the circumstances described in this Petition, Unitedhealthcare has a legal duty to supply correct information regarding the existence and extent to which it has agreed or offered to pay to Crescent Hospital for the provision of medical services to Unitedhealthcare's customers.

68.    Crescent Hospital relied, to its detriment, on representations and statements made by Unitedhealthcare as to the existence and extent of payment by Unitedhealthcare for Crescent Hospital's provision of medical services to Unitedhealthcare's customers.

69.    Crescent Hospital was entitled to rely upon Unitedhealthcare's representations and statements.

70.    Unitedhealthcare is liable to Crescent Hospital for their negligent misrepresentations pursuant to Louisiana Civil Code Art. 2315 and other Louisiana law.

71.    Crescent Hospital has been injured and damaged as a result of Unitedhealthcare's actions in an amount to be proven at trial.

## X. THE CLAIMS OF CRESCENT HOSPITAL HEREIN ARE EXCLUSIVELY FOR STATE LAW BREACH OF CONTRACT AND THE STATE LAW CLAIMS THAT FLOW THEREFROM.

72.     This case arises and is brought exclusively under the laws of Louisiana, not the laws of the United States.  Nothing pleaded herein alleges any relief governed by or available pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.,* or the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 *et seq.,* or federal common law, or any claims involving a federal officer. To the extent that any such claims may be even implied, Crescent Hospital expressly rejects such implication and expressly states that it does not and will not seek damages for any such claims and expressly waives same. *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.,* No. CIV. A. 13-21, 2013 WL 5236625, at *(E.D. La. Sept. 16, 2013), rev'd in part sub nom. *Omega Hosp., L.L.C. v. La. Health Serv. & Indem. Co.,* 592 F. App'x 268 (5th Cir. 2014); *Crescent City Surgical Centre v. La. Health Serv. & Indem. Co. No.* 17-10211 (E.D. La. Oct. 11, 2017).

73.     Crescent Hospital's claims do not relate to employee welfare benefit plans subject to federal law pursuant to either ERISA, 29 U.S.C. § 1132(a), or FEHBA, 5 U.S.C. § 8901 *et seq.,* and Crescent Hospital expressly waives same.  Further, Crescent Hospital does not challenge the benefits that may be owed to its patients.  Finally, Crescent Hospital specifically does not seek any coverage determination or finding as to what benefits may be owed/not owed under any insurance policy to or on behalf of its patients.   Crescent Hospital specifically refuses to plead and expressly waives any rights it may have against Unitedhealthcare under any and all federal laws, either independently or on behalf of its patients.

74.     Crescent Hospital does not seek to recover for alleged underpayments of health benefits owed to its patients or for its patients and expressly waives same.  Crescent Hospital does not seek to enforce rights or recover benefits under the terms of any insurance policy.

75. Crescent Hospital does not seek to recover benefits under ERISA for its patients and expressly and hereby waives same.

76. Crescent Hospital does not seek to recover benefits from FEHBA-governed health benefits plans for its patients and hereby expressly waives same. Furthermore, Crescent Hospital does not seek to recover any amounts for Unitedhealthcare's payment misrepresentations that are related to treatment of any patient who may have a FEHBA insurance policy, and hereby expressly waives and disclaims such recovery.

77. Crescent Hospital does not claim or seek coverage benefits on behalf of its patients, and hereby expressly waives same, but instead seeks to enforce state law legal duties that Unitedhealthcare owes directly to Crescent Hospital. Crescent Hospital's suit seeks only to enforce its own state law legal rights against Unitedhealthcare. Federal law does not and cannot preempt Crescent Hospital's state law claims because Crescent Hospital expressly waives any and all federal law claims it may have against Unitedhealthcare.

78. Moreover, Crescent Hospital's claims do not require a determination of any federal rights and Crescent Hospital hereby expressly waives same.

79. Crescent Hospital is not, and does not, make a claim against Unitedhealthcare either expressly or impliedly under ERISA. Crescent Hospital is not, and will not make a claim against Unitedhealthcare either expressly or impliedly based upon assignments regarding claims Unitedhealthcare customers may have against Unitedhealthcare and hereby expressly waives same.

80. Crescent Hospital is not making a claim either expressly or impliedly that Unitedhealthcare customers did not receive their benefits under the terms of their plans or claim that the relationship between Unitedhealthcare's customers and the customer's employers were adversely affected. Crescent Hospital is not seeking to recover any monies promised on that basis and hereby expressly waives same.

81. Crescent Hospital's suit is exclusively a direct action to enforce its own legal rights to payment (as opposed to a derivative suit seeking to enforce its patients' rights),

and therefore is not a suit under FEHBA. FEHBA does not preempt Crescent Hospital's direct claim – brought exclusively under Louisiana law and not federal law in regard to Unitedhealthcare's agreements and misrepresentations concerning the extreme underpayments to Crescent Hospital by Unitedhealthcare – for negligent misrepresentation, detrimental reliance, and breach of contract and LUTPA violations for medical services provided by Crescent Hospital to Unitedhealthcare customers. Crescent Hospital is not claiming monies for the failure of Unitedhealthcare to respect its patients' rights and hereby expressly waives same.

82.     Crescent Hospital is not and does not make a claim either expressly or impliedly against a federal officer arising out of his official duties and hereby expressly waives same. In fact, Crescent Hospital expressly waives any claims it may have suggesting that a federal officer did anything wrong, much less injure anyone, including Crescent Hospital, and hereby expressly waives same. Crescent Hospital further denies that any Crescent Hospital patients/ Unitedhealthcare customers were federal officers and does not and will not seek any monies from Unitedhealthcare for its failure to pay for same. Further, if any Crescent Hospital patient/ Unitedhealthcare customer had a FEHBA health insurance policy, Crescent Hospital hereby expressly eliminates and separates that patient(s) and corresponding medical bill(s) for treatment from this lawsuit and does not seek and will not accept a single cent for the failure of Unitedhealthcare to pay Crescent Hospital same. Crescent Hospital expressly waives same.

## XI. JURY DEMAND

83.     Plaintiff asserts that its damages exceed that necessary for a trial by jury and, therefore, requests a jury trial.

## XII. PRAYER

WHEREFORE, Plaintiff, Crescent Hospital, prays that Unitedhealthcare be served with a copy of this Petition, and after all legal delays and due proceeding had before a jury, there by judgment in favor of Crescent Hospital and against Unitedhealthcare of Louisiana, Inc., for the amount of damages proved at trial, together with legal interest, all costs of

these proceedings, and for all other relief, including, but not limited to attorneys' fees, as are appropriate.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA 70113
Telephone: (504) 522-1000
Facsimile: (504) 522-8000

**PLEASE SERVE:**

Unitedhealthcare of Louisiana, Inc.
Through its Agent for Service of Process
C T Corporation system
8550 United Plaza Boulevard
Baton Rouge, LA 70809

EBR-57327
$39.36

### LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

FILED FOR RECORD 04/01/2019 16:10:54
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH, LA

**Suit Caption:**

Crescent City Surgical Centre          **vs.**  Unitedhealthcare of Louisiana, Inc.

**Court:** 24th Judicial District          **Docket Number:** 793-775

**Parish of Filing:** Jefferson          **Filing Date:** 3/29/2019

**Name of Lead Petitioner's Attorney:** Gilbert V. Andry, IV

**Name of Self-Represented Litigant:**

**Number of named petitioners:** 1          **Number of named defendants:** 1

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

☐ Auto: Personal Injury                  ☐ Auto: Property Damage
☐ Auto: Wrongful Death                   ☐ Auto: Uninsured Motorist
☐ Asbestos: Property Damage              ☐ Asbestos: Personal Injury/Death
☐ Product Liability                      ☐ Premise Liability
☐ Intentional Bodily Injury              ☐ Intentional Property Damage
☐ Intentional Wrongful Death             ☐ Unfair Business Practice
☐ Business Tort                          ☐ Fraud
☐ Defamation                             ☐ Professional Negligence
☐ Environmental Tort                     ☐ Medical Malpractice
☐ Intellectual Property                  ☐ Toxic Tort
☐ Legal Malpractice                      ☐ Other Tort (describe below)
☐ Other Professional Malpractice         ☐ Redhibition
☐ Maritime                               ☐ Class action (nature of case)
☐ Wrongful Death                         Breach of Contract and
☐ General Negligence                     associated cause of

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  Gilbert V. Andry, IV          Signature

Address  Gibby Andry, The Andry Law Firm, LLC 828 Baronne Street, New Orleans, LA 70113

Phone number: 504-522-1000          E-mail address: gandry@gibbyandrylaw.com

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 793,775                                                    DIVISION: C

CRESCENT CITY SURGICAL CENTRE

VERSUS

UNITEDHEALTHCARE OF LOUISIANA, INC.

FILED: _____

                                        _____
                                        DEPUTY CLERK

UNITEDHEALTHCARE'S ANSWER, DEFENSES, AND IN RESPONSE TO
PLAINTIFF'S PETITION FOR DAMAGES

NOW COMES Defendant, UnitedHealthcare of Louisiana, Inc., and answers the Petition

for Damages filed by Plaintiff, Crescent City Surgical Centre, LLC, as follows:

ANSWER

Answering the specific allegations of the Petition, Defendant avers:

1.       Defendant denies the allegations of Paragraph I, including subparagraph A, except to

admit that UnitedHealthcare is a Louisiana corporation licensed to do and doing business in the

State of Louisiana.

2.       Defendant denies the allegations in Paragraph 1 of the Petition.

3.       Paragraph 2 of the Petition contains legal conclusion that require no response from

Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 2

of the Petition.

4.       Paragraph 3 of the Petition contains legal conclusion that require no response from

Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 3

of the Petition.

5.       Paragraph 4 of the Petition contains legal conclusion that require no response from

Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 4

of the Petition.

6.       Defendant denies the allegations in Paragraph 5 of the Petition.

7.       Defendant denies the allegations in Paragraph 6 of the Petition.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

8.      Paragraph 7 of the Petition contains legal conclusions that require no response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 7 of the Petition, except to admit that it is domiciled in the State of Louisiana.

9.      Defendant denies the allegations in Paragraph 8 of the Petition for lack of information sufficient to justify a belief herein.

10.     Defendant denies the allegations in Paragraph 9 of the Petition, except to admit that Crescent is not within UnitedHealthcare's network of providers.

11.     With regard to the allegations in Paragraph 10 of the Petition, Defendant admits that it administers or insures employee health and welfare benefit plans insuring individuals pursuant to the terms and conditions of the specific plans.   Because Plaintiff has not identified the UnitedHealthcare insureds who have allegedly received services from Plaintiff, Defendant denies the remaining allegations in Paragraph 10 of the Petition for lack of information sufficient to justify a belief herein

12.     Defendant denies the allegations in Paragraph 11 of the Petition for lack of information sufficient to justify a belief herein.

13.     Defendant denies the allegations in Paragraph 12 of the Petition.

14.     Defendant denies the allegations in Paragraph 13 of the Petition.

15.     Defendant denies the allegations in Paragraph 14 of the Petition.

16.     Defendant denies the allegations in Paragraph 15.

17.     Defendant denies the allegations in Paragraph 16.

18.     Defendant denies the allegations in Paragraph 17 of the Petition for lack of information sufficient to justify a belief herein.

19.     Defendant denies the allegations in Paragraph 18 of the Petition.

20.     Paragraph 19 of the Petition contains legal conclusion that require no response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 19 of the Petition.

21.     Defendant denies the allegations in Paragraph 20.

22.     Defendant denies the allegations in Paragraph 21 of the Petition.

23.     Defendant denies the allegations contained in Paragraph 22 of the Petition.

24.     Defendant denies the allegations contained in Paragraph 23 of the Petition.

25.     Defendant denies the allegations in Paragraph 24 of the Petition.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

2

26.    Defendant denies the allegations in Paragraph 25 of the Petition.

27.    Defendant denies the allegations in Paragraph 26 of the Petition.

28.    Defendant denies the allegations Paragraph 27 of the Petition.

29.    Defendant denies the allegations in Paragraph 28 of the Petition.

30.    Defendant denies the allegations in Paragraph 29 of the Petition.

31.    In response to Paragraph 30 of the Petition, Defendant incorporates by reference its responses to Paragraphs 1-29 if the Petition, specifically including all denials, as if fully restated herein.

32.    Paragraph 31 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 31 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

33.    Paragraph 32 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 32 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

34.    Paragraph 33 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 32 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

35.    The allegations in Paragraph 34 do not require a response from Defendant as written. To the extent a response is required, Defendant denies the allegations of Paragraph 34 of the Petition.

36.    Paragraph 35 of the Petition contains legal conclusions and vague allegations that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 35 of the Petition.

37.    Paragraph 36 of the Petition, including subparagraphs A. through R., contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the Petition, including subparagraphs A. through R.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

38.    In response to Paragraph 37 of the Petition, Defendant incorporates by reference its responses to Paragraphs 1-36 of the Petition, specifically including all denials, as if fully restated herein.

39.    Paragraph 38 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 38 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

40.    Paragraph 39 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 39 of the Petition.

41.    Paragraph 40 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 40 of the Petition.

42.    Defendant denies the allegations in Paragraph 41 of the Petition.

43.    Defendant denies the allegations in Paragraph 42 of the Petition.

44.    Defendant denies the allegations in Paragraph 43 of the Petition.

45.    In response to Paragraph 44 of the Petition, Defendant incorporates by reference its responses to Paragraphs 1-43 of the Petition, specifically including all denials, as if fully restated herein.

46.    Paragraph 45 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 45 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

47.    Paragraph 46 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 46 of the Petition.

48.    Defendant denies the allegations in Paragraph 47 of the Petition.

49.    Defendant denies the allegations in Paragraph 48 of the Petition.

50.    Defendant denies the allegations in Paragraph 49 of the Petition.

51.    Defendant denies the allegations in Paragraph 50 of the Petition.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

52.     In response to Paragraph 51 of the Petition, Defendant incorporates by reference its responses to Paragraphs 1-50 of the Petition, specifically including all denials, as if fully restated herein.

53.     Paragraph 52 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 52 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

54.     Paragraph 53 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 53 of the Petition.

55.     Defendant denies the allegations in Paragraph 54 of the Petition.

56.     Defendant denies the allegations in Paragraph 55 of the Petition.

57.     Defendant denies the allegations in Paragraph 56 of the Petition.

58.     Paragraph 57 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 57 of the Petition.

59.     Defendant denies the allegations in Paragraph 58 of the Petition.

60.     Defendant denies the allegations in Paragraph 59 of the Petition.

61.     In response to Paragraph 60 of the Petition, Defendant incorporates by reference its responses to Paragraphs 1-59 if the Petition, specifically including all denials, as if fully restated herein.

62.     Paragraph 61 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 61 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

63.     Paragraph 62 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 62 of the Petition.

64.     Paragraph 63 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 63 of the Petition.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

65.     Paragraph 64 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 64 of the Petition.

66.     Paragraph 65 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 65 of the Petition.

67.     Paragraph 66 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 66 of the Petition.

68.     Paragraph 67 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 67 of the Petition.

69.     Defendant denies the allegations in Paragraph 68 of the Petition.

70.     Paragraph 69 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 69 of the Petition.

71.     Paragraph 70 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 70 of the Petition.

72.     Defendant denies the allegations in Paragraph 71 of the Petition.

73.     Paragraph 72 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 72 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

74.     Paragraph 73 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 73 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

75.     Paragraph 74 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 74 of the Petition.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

76.     Paragraph 75 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of the Petition.

77.     Paragraph 76 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 76 of the Petition.

78.     Paragraph 77 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 77 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

79.     Paragraph 78 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 78 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

80.     Paragraph 79 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 79 of the Petition.

81.     Paragraph 80 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 80 of the Petition.

82.     Paragraph 81 of the Petition contains legal conclusions that do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations of Paragraph 81 of the Petition and avers that Crescent does not have any independent state law claims against Defendant.

83.     Paragraph 82 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Petition.

84.     Paragraph 83 of the Petition does not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 83 of the Petition.

85.     Defendant denies the allegations in the prayer for relief of the Petition, and Defendant asserts that Plaintiff is not entitled to any relief from Defendant.

86.     Defendant denies the allegations in the subheadings of the Petition.

87.     Defendant denies all allegations not specifically admitted herein.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

## DEFENSES

**AND NOW, FURTHER ANSWERING** Plaintiff's Petition, Defendant asserts the following defenses, but does not assume any burden of production or proof unless required by law:

### FIRST DEFENSE

Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by prescription, preemption, peremption, and/or the applicable statute of limitations, including but not limited to La. C.C. art. 3492, the former La. R.S. § 51:1409(E), and the statutes of limitations applicable to ERISA claims pursuant to the terms and conditions of the relevant health and welfare benefit plans.

### THIRD DEFENSE

Defendant did not owe Plaintiff a duty regarding information about the rate it may pay for the health care services Plaintiff rendered to individuals covered by employee health and welfare benefit plans insured or administered by UnitedHealthcare before Plaintiff rendered the services.

### FOURTH DEFENSE

Defendant did not breach any duty it allegedly owed to Plaintiff relating to the rate it would pay for the health care services rendered to patients because it supplied Plaintiff with correct information from which Plaintiff knew or should have known that it only intended to pay Plaintiff pursuant to the terms and conditions of the individuals' health and welfare benefit plans.

### FIFTH DEFENSE

No contract or oral contract existed between Plaintiff and Defendant regarding the rate Defendant would pay Plaintiff for health care services to be rendered or already rendered.

### SIXTH DEFENSE

No oral contract exists between Plaintiff and Defendant because there was no offer or acceptance or any meeting of the minds relating to the rate Defendant would pay for the health care services at issue.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

8

### SEVENTH DEFENSE

Plaintiff cannot prove that the individuals who communicated entered into any oral contract relating to the rate Defendant would pay Plaintiff for the health care services rendered or that they had the capacity or authority to do so.

### EIGHTH DEFENSE

Defendant paid all amounts it was obligated to pay pursuant to the terms and conditions of the individual health and welfare benefit plans.

### NINTH DEFENSE

Plaintiff cannot prove the existence of any oral contract with Defendant through the testimony of at least one witness and other corroborating circumstances as required by La. Civ. Code art. 1846.

### TENTH DEFENSE

The alleged representations made via any web portal, if any, did not establish a contract between Plaintiff and Defendant.

### ELEVENTH DEFENSE

The alleged actions of the parties were insufficient to establish offer and acceptance as required to create an enforceable contract.

### TWELFTH DEFENSE

Alternatively, to the extent a contract existed, and Defendant breached such contract, its breach was not intentional or in bad faith.

### THIRTEENTH DEFENSE

Plaintiff cannot recover attorney's fees as there is no applicable statute or contract providing for such, as required by law.

### FOURTEENTH DEFENSE

Alternatively, to the extent it is found that a contract existed between Plaintiff and Defendant regarding the rate it would pay for health care services prior to the services being rendered, Defendant performed all of its obligations under the applicable agreement with Plaintiff, including the payment of all amounts due under the same.

### FIFTEENTH DEFENSE

Alternatively, to the extent it is found that a contract existed between Plaintiff and Defendant regarding the rate it would pay for health care services prior to the services being

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

9

rendered, the parties modified and/or altered the terms of the contract through their conduct, including but not limited to Plaintiff's repeated acceptance of payment from Defendant for health care services rendered.

## SIXTEENTH DEFENSE

Plaintiff cannot show any conduct by Defendant that was fraudulent, a misrepresentation, deceptive, or otherwise unethical.  Therefore, Plaintiff cannot maintain an action under the Louisiana Unfair Trade Practices Act.

## SEVENTEENTH DEFENSE

Plaintiff's Louisiana Unfair Trade Practices Act is groundless and has been brought in bad faith; accordingly, Defendant is entitled to attorney's fees and costs pursuant to La. R.S. § 51:1409(A).

## EIGHTEENTH DEFENSE

Defendant did not misrepresent the rate it would pay for the health care services rendered.  To the extent Defendant represented any information to Plaintiff regarding the rate of pay, it represented that payment is generally made pursuant to the terms of the applicable health care plans.

## NINETEENTH DEFENSE

Plaintiff did not rely on any representation Defendant allegedly made to its detriment or in its determination regarding whether to render treatment to patients.

## TWENTIETH DEFENSE

Plaintiff cannot prove that it suffered actual damages as a result of its alleged reliance on any alleged representations made by Defendant or by any alleged breach of duty or oral contract because Defendant paid Plaintiff a reasonable rate for the services rendered.

## TWENTY-FIRST DEFENSE

Plaintiff's alleged damages were not caused by its alleged reliance on representations made by Defendant or by any alleged breach of duty or oral contract because Plaintiff would have rendered the health care services that were rendered even if it had known that Defendant intended only to pay it pursuant to the terms of the applicable patients' health care plans.

## TWENTY-SECOND DEFENSE

Defendant did not owe a duty to it to disclose information as required for a claim of fraud by silence or inaction.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

### TWENTY-THIRD DEFENSE

Any alleged representation on behalf of Defendant was made in good faith without the intention to obtain an unjust advantage or to cause a loss or inconvenience to Plaintiff.

### TWENTY-FOURTH DEFENSE

Any recoupment by Defendant was proper and in accordance with the law, including the provisions of La. R.S. § 22:1838.

### TWENTY-FIFTH DEFENSE

Defendant asserts all terms and conditions and defenses in the health and welfare benefit plans between it and its members. Accordingly, the health and welfare benefit plans between Defendant and its members establish Defendant's payment obligations to insureds and preempt Plaintiff's claims.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are premature to the extent Plaintiff has failed to satisfy all conditions precedent to suit as set forth in Defendant's health and welfare benefit plans.

### TWENTY-SEVENTH DEFENSE

Plaintiff has waived or is estopped by its own conduct from seeking to recover the damages sought in the Petition.

### TWENTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the principles of notification, acquiescence, release and/or setoff.

### TWENTY-NINETH DEFENSE

Any reliance by Plaintiff on representations allegedly made by Defendant was not reasonable or justified.

### THIRTIETH DEFENSE

Defendant owed no duty to Plaintiff.

### THIRTY-FIRST DEFENSE

Defendant did not breach any duty owed to Plaintiff, including but not limited to any duty set forth by contract, quasi contract, law, or equity.

### THIRTY-SECOND DEFENSE

The claims asserted by Plaintiff have been properly adjudicated in accordance with the members' plan and benefit documents and no additional amounts are owed.

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

### THIRTY-THIRD DEFENSE

Plaintiff's claims are premature, as it has failed to satisfy all conditions precedent to suit as set forth in the applicable member and benefit plan documents.

### THIRTY-FOURTH DEFENSE

Defendant is not liable for any amount owed and not paid to Plaintiff that is the responsibility and obligation of Defendant's plan beneficiaries, including but not limited to copays, deductibles, and co-insurance.

### THIRTY-FIFTH DEFENSE

Defendant owes no duty or obligation to Plaintiff to the extent that Plaintiff did not comply with the requirements of Defendant's plans and/or did not seek pre-authorization or pre-approval for services or payment related to Plaintiff's claims.

### THIRTY-SIXTH DEFENSE

Plaintiff's agreement with its patients to accept and honor any in-network amounts and/or to accept any in-network co-payments, deductibles, and co-insurance acted as a waiver, renunciation, and/or rescission of any alleged agreements with Defendant.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred to the extent it failed to mitigate its damages.

### THIRTY-EIGHTH DEFENSE

The amounts allegedly owed by Defendant and sought by Plaintiff are excessive, unfair, and above reasonable and customary amounts.

### THIRTY-NINTH DEFENSE

Plaintiff's waiver of any rights it has under any and all federal laws, either independently or on behalf of its patients, acts as a complete bar of recovery as it has no independent state law claim against Defendant.

Defendant specifically reserves its right to further amend and amplify these answers and defenses as discovery may warrant.

**WHEREFORE**, Defendant prays that this Answer be deemed good and sufficient and, after due proceedings are had herein, there be judgment in favor of Defendant and against Plaintiff, rejecting all of Plaintiff's demands and dismissing Plaintiff's Petition with prejudice, at its sole cost; and, that the Court award Defendant costs and such other equitable relief to which it may be entitled.

12

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

Respectfully submitted,

**ADAMS AND REESE** LLP

WILLIAM B. GAUDET (#1374)
ELIZABETH A. ROUSSEL (#27943)
SARA C. VALENTINE (#30773)
HUNTER J. SCHOEN (#37682)
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Counsel for Defendant,*
*UnitedHealthcare of Louisiana, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served

upon all counsel of record by hand delivery, facsimile, electronic mail, and/or by depositing

same in the United States mail, properly addressed, and first class postage prepaid this 7 day

of June 2019.

HUNTER J. SCHOEN

13

24th E-Filed: 06/07/2019 16:58:29 Case: 793775 Div:O Atty:037862 HUNTER J SCHOEN

FILED FOR RECORD 07/16/2019 15:06:48
Lanie B. Bryant, DY CLERK
JEFFERSON PARISH, LA    D1|8|05

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 793,775                                          DIVISION: O

CRESCENT CITY SURGICAL CENTRE

VERSUS

UNITEDHEALTHCARE OF LOUISIANA, INC.

FILED: _____

                                        _____
                                        DEPUTY CLERK

### *EX PARTE* CONSENT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

**NOW COMES** Defendant, UnitedHealthcare of Louisiana, Inc., who herewith informs the Court that the parties have agreed upon a protective order to govern the procedures for maintaining the confidentiality of certain documents to be produced and disclosed in connection with this proceeding. The parties have agreed to the terms and provisions of the Protective Order, attached hereto as Exhibit "A", and collectively consent to entry of the Protective Order by this Court. Wherefore, Defendant, with the consent of Plaintiff, Crescent City Surgical Centre, prays that the Protective Order, attached hereto as Exhibit "A", be entered by the Court in accordance with Louisiana Civil Code Article 1426.

Respectfully submitted,

**ADAMS AND REESE LLP**

_____
WILLIAM B. GAUDET (#1374)
ELIZABETH A. ROUSSEL (#27943)
SARA C. VALENTINE (#30773)
HUNTER J. SCHOEN (#37682)
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
*Counsel for Defendant,*
*UnitedHealthcare of Louisiana, Inc.*

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record by hand delivery, facsimile, electronic mail, and/or by depositing same in the United States mail, properly addressed, and first class postage prepaid this 16th day of July, 2019.

_____

**HUNTER J. SCHOEN**

2

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 793,775                                                      DIVISION: C

CRESCENT CITY SURGICAL CENTRE

VERSUS

UNITEDHEALTHCARE OF LOUISIANA, INC.

FILED: _____          _____
                                                        **DEPUTY CLERK**

## ORDER

Considering the *Ex Parte Consent Motion for Entry of Agreed Protective Order* on behalf of Defendant, UnitedHealthcare of Louisiana, Inc.;

**IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED** and that the Protective Order, attached as Exhibit A to the *Ex Parte Consent Motion for Entry of Agreed Protective Order*, be entered and signed by this Court in accordance with Louisiana Civil Code Article 1426;

Gretna, Louisiana, this 16 day of July _____, 2019.

_____
                    **JUDGE**

3

D1512

FILED FOR RECORD 07/16/2019 15:06:48
lanie B. Bryant, DY CLERK
JEFFERSON PARISH, LA

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

No. 793,775                                        DIVISION: O

CRESCENT CITY SURGICAL CENTRE

VERSUS

UNITEDHEALTHCARE OF LOUISIANA, INC.

FILED: _____          _____
                                                     DEPUTY CLERK

## PROTECTIVE ORDER

**NOW INTO COURT,** through undersigned counsel, come plaintiff, Crescent City Surgical Centre ("Crescent Hospital"), and defendant, UnitedHealthcare of Louisiana, Inc., ("United"), (collectively "the Parties") who agree to the following procedures for maintaining the confidentiality of certain documents to be produced in connection with this proceeding and information to be disclosed in this proceeding, which agreement is hereby made the order of this Court.

In consideration of the consent of the Parities, it is hereby **ORDERED, ADJUDGED AND DECREED** that the production and exchange of documents and information in this Litigation shall be governed by the following terms:

### DEFINITIONS

1. "ACTION" or "LITIGATION" – means the action captioned *Crescent City Surgical Center v. UnitedHealthcare of Louisiana, Inc,* No: 793-775, Division "0", which is currently pending in the 24th Judicial District for the Parish of Jefferson Parish, State of Louisiana.

2. "DOCUMENTS"- means all Documents, ESI, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this ACTION or LITIGATION, and any copies, reproductions, or summaries, and their content.



3. "DISCLOSURE" – means to show, give, produce, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

4. "DISCLOSING PARTY" - means the Party that Discloses Confidential Information produced by any other Party or Person.

5. "PARTIES" – means Plaintiff and Defendant.

6. "PARTY" – means any of the Parties.

7. "PRODUCING PARTY" – means the Party or Person, including non-parties, that has produced Confidential Information or any of non-party's parents, subsidiaries, or affiliated entities.

8. "PERSON" – means any natural person, partnership, corporation, association or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

9. "PROTECTED HEALTH INFORMATION" or "PHI" – means any information in a medical record that can be used to identify an individual, and that was created, used, or disclosed in the course of providing a health care service, including but not limited to Social Security numbers, names, etc. For the purpose of this litigation, this definition shall explicitly exclude billing information.

10. "CONFIDENTIAL INFORMATION" – means any information of any type, kind or character that is designated as "Confidential Information" by any of the supplying or receiving Parties, whether it be a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential Information," a party shall make such designation only as to that information that it, in good faith, thinks contains confidential information that is based upon good faith factual basis.

11. "QUALIFIED PERSONS" as used herein, means:

    (a)    Attorneys identified in the signature block below for the Parties to this Agreement in this Litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this Litigation, not any other lawsuits or pending actions, regardless if parties to that action are the same or similar to this Litigation.

(b)     Actual or potential independent technical experts or consultants in this Litigation, who have agreed to be bound by the terms of this Agreement by signing a form substantially similar to Exhibit A, which shall be kept on file by the attorney retaining the expert of consultant in this Litigation;

(c)     The Parties to this Agreement or Party representatives and in-house counsel for each party and current employees of the Parties to this action who are actively involved in the prosecution or defense of this ACTION. For any party without in-house counsel, a representative assigned by that party to assist in providing current advice to the prosecution of this action.

(d)     The Court and/or any mediator, settlement judge, or other person appointed, assigned, or engaged by the Parties or the Court to attempt to resolve all or part of the issues on this action; and

(e)     Any other person designated as a Qualified Person by order of the Court, after notice and hearing to all Parties.

(f)     Litigation support personnel involved in the Action, including court reporters, court videographers, Persons providing data management and analysis services, and copy vendors (but all copies and data shall remain confidential.

## TERMS

1.     All Confidential Information produced or exchanged in the course of this Litigation shall be used solely for the purpose of preparation and trial of this Litigation and for no other purpose whatsoever, and shall not be disclosed to any person, except in accordance with the terms hereof

2.     All PHI produced or exchanged in the course of this Litigation shall be presumed to be confidential and shall be redacted or filed under seal if filed, attached to, or introduced in connection with any pleading or submission to the Court.

3.     The Protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries or compilations of Protected Material; and (3) any testimony ,conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information disclosed from a source who obtained the information lawfully and who was under no obligation of confidentiality. Any use of Protected Information at trial shall be governed by a separate agreement or order.

3

4.      Documents produced in this Litigation may be designated by any party or Parties as Confidential Information by marking each page of the document(s) with a stamp stating "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced.

5.      Information disclosed at a deposition may be designated by any party as Confidential Information by indicating, on the record at the deposition or in writing within 30days of receipt of the transcript, that the testimony is Confidential and is subject to the provisions of this Agreement. Deposition testimony shall be considered Confidential Information until 30 days have elapsed after receipt of the transcript by the Parties.

6.      Confidential Information shall not be disclosed or made available by the receiving person to persons other than Qualified Persons. Copies of Confidential Information may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this Litigation, but all copies continue to be Confidential Information.

7.      Nothing in this Agreement shall prohibit Confidential Information from being disclosed to a witness during a deposition in this Litigation if such disclosure is reasonably necessary for completion of the deposition. Nevertheless, such witness shall not be allowed to take any document containing Confidential Information outside the room in which the deposition is taking place, and the witness shall be advised that the information is Confidential, shall not be disclosed by him to anyone, and is subject to the terms of this Agreement. The parties will have seven days after receipt of a deposition the opportunity to designate in good faith portions of same as confidential.

8.      Documents unintentionally produced without designation as "Confidential" may be retroactively designated as Confidential by notice, in writing, to the other Parties. All such documents shall be treated appropriately under the terms of this Agreement from the date written notice of the designation is provided to the receiving party. Upon receipt of properly marked material, the receiving party shall immediately inform the producing party and return or destroy the unmarked copies.

9.      All documents to be inspected shall be treated as Confidential during inspection and until copies of such documents are provided to the inspecting party. At the time of copying for all receiving Parties, all such inspected documents, to be entitled to protection under the

4

Agreement, shall be stamped prominently by the producing party as provided by Paragraph 4 above.

10.   To the extent that any Person creates, develops, or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, any information, files, databases, or programs that contain Confidential Information, that Person and/or its counsel must take all necessary steps to insure that access to that device or media is restricted to those Persons, who, by the terms of this Order, are permitted to receive such Confidential Information.

11.   Nothing herein shall prevent any counsel of record in this Litigation, to the extent legally permissible, from utilizing Confidential Information in the examination or cross-examination of any person in this Litigation who is indicated on the document as being an author, source or recipient of the Confidential Information, irrespective of which party produced such information.

12.   A party shall not be obligated to challenge the propriety of a designation as Confidential at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Litigation disagrees at any stage of these proceedings with the designation of any information as Confidential or with the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Agreement by objecting, in writing, to the party who has designated the information as Confidential. The designating party shall move the Court for an order preserving the designated status of such information or Qualified Person within 14 days of receipt of the written objection, and failure to do so shall terminate the status of such information or person. As to any information or Qualified Person for which such a Motion is filed, the information or person shall retain its status until 10 days after the Court's order requiring the Producing Party to produce as non-confidential, after which the Producing Party shall re-designate and reproduce the documents as appropriate.

13.   The Parties may, by written signed stipulation, provide for exceptions to this Agreement, and any party may seek an order modifying this Agreement to the extent legally permissible.

14. To the extent additional parties are added to this Litigation, they shall be subject to this Order unless, by adversary motion, the Court orders otherwise.

15. The designation of a document as Confidential under the terms of this Agreement will not alter the burden of proof on the issue of confidentiality if such designation is challenged. Instead, the burden of proof will be determined under the applicable law.

16. Nothing shall be designated as Confidential Information, except information of a sensitive nature, information that is commercially valuable or information that, if disclosed to persons of knowledge in the area, would reveal a trade secret, proprietary information or other financial, technical or business advantages of the designating party or that is protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), its progeny and regulations thereunder. Nothing shall be regarded as Confidential Information if it either: (a) is in the public domain at the time of disclosure, as evidenced by a written document; (b) becomes part of the public domain, through no fault of the producing party, as evidenced by a written document; or (c) is lawfully received at a later date by the receiving party from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party if the information produced by the third party has been previously designated as confidential by the party, the party has the right to designate the information produced by that third party as confidential subject to the terms enumerated herein.

17. No pleadings, affidavits, briefs, memoranda of law or other paper filed in Court may contain disclosure of any Confidential Information, except as follows. In the event a party wishes to attach any Confidential Information to any affidavits, briefs, memoranda of law or other papers filed in Court, that party shall file the Confidential documents under seal with a copy of this Order. Portions of transcripts containing testimony that has been designated confidential shall be marked "CONFIDENTIAL" and shall be subject to the provisions of this Agreement.

18. Contents of Confidential documents may be disclosed to witnesses at a deposition and the trial of this Litigation, subject to timely objection, who agree to be subject to the provisions of this Agreement, at which time counsel introducing the Confidential document shall indicate on the record that the testimony is confidential and subject to the provisions of this Agreement.

6

19.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or other reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

20.   Within 90 days after conclusion of this Litigation and any appeal thereof, any document or material designated Confidential, including all reproductions in the possession of any Qualified Person, shall be returned to the producing party at the expense of the party claiming confidentiality, except as this Court may otherwise order. As far as the provisions of this Agreement or of any protective order entered in this action restrict the disclosure or use of information, such provisions shall continue to be binding after the conclusion of this Litigation.

21.   Any party designating any person as a Qualified Person, to the extent such persons meets those qualifications as provided in Paragraph 3 above, shall have the duty to reasonably ensure that such person observes the terms of this Agreement and shall be responsible for the failure of any such person to observe the terms of this Agreement.

22.   In the event that any person violates the terms of this Order, he may be determined to be in contempt of Court and subject to any and all fines and penalties available under the law.

23.   If any Party receives a subpoena or order demanding the production of any Material designated hereunder as "Confidential," the Party receiving such subpoena or order shall, within ten (10) days of the receipt of such request and not less than ten (10) days prior to the production of any Confidential Material, notify the Designator of such subpoena or order.

24.   Nothing in this Agreement in any way negates or constitutes a waiver of any legal privilege applicable to the documents or materials previously mentioned, any other objections made in response to plaintiffs or any co-defendant's request for production, or any other documents submitted in the confines of this Litigation.

25.   Neither this Agreement or Order nor the disclosure of documents shall be deemed a Concession or determination of the relevance, materiality, or admissibility of the Documents governed by or disclosed under this Agreement or Order.

Respectfully submitted,

GIBBY ANDRY, THE ANDRY LAW FIRM, LLC

_____
GILBERT V. ANDRY, IV (LSBA # 20056)
828 Baronne Street
New Orleans, LA  70113
Telephone: 504-522-1000
Facsimile: 504-522-8000

Thomas J. Capella (LSBA #22293)
Thomas J. Capella, Attorney at Law, LLC
4928 Jasper Street
Metairie, LA  70006

Thomas M. Flanagan (LSBA # 19519)
Flanagan Partners, LLP
201 St. Charles Ave., Ste. 2405
New Orleans, LA  70170
*Counsel for Plaintiff, Crescent City Surgical Centre, LLC*

*and*

ADAMS AND REESE LLP

_____
WILLIAM B. GAUDET (#1374)
ELIZABETH A. ROUSSEL (#27943)
SARA C. VALENTINE (#30773)
HUNTER J. SCHOEN (#37682)
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
*Counsel for Defendant,*
*UnitedHealthcare of Louisiana, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served

upon all counsel of record by hand delivery, facsimile, electronic mail, and/or by depositing

same in the United States mail, properly addressed, and first class postage prepaid this 16 day

of July 2019.

_____
HUNTER J. SCHOEN

8