# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT CITY SURGICAL CENTRE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-12586** |
| **UNITED HEALTHCARE OF LA., INC.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 5) is **GRANTED**, and this matter is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

## BACKGROUND

Plaintiff Crescent City Surgical Centre ("Crescent City") is a Metairie-based hospital that provided out-of-network care to patients insured by United Healthcare of Louisiana, Inc. ("United"). It sued United in Louisiana state court alleging state law claims for breach of contract, violations of the Louisiana Unfair Trade Practices Act ("LUTPA"), detrimental reliance, fraud, and negligent misrepresentation.

On September 13, 2019, United removed this matter to federal court. In its notice of removal, United states that Crescent City's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, and thus federal question jurisdiction is present and removal is proper.

Crescent City now moves to remand this case to state court pursuant to 28 U.S.C. §

1447(c), claiming that contrary to United's assertions, its claims do not arise under ERISA, and accordingly there is no federal question jurisdiction.

## DISCUSSION

### I. Remand Standard

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

### II. Standard for Removal under ERISA

Removal of state law actions is proper when the complaint falls within the original jurisdiction of the federal district court. See 28 U.S.C. § 1441(a). Where, as here, there is no diversity of citizenship between the parties, a proper removal requires the existence of a federal question– that is, plaintiff's claims must "arise under" federal law. See 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, an action " 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' "

Vanden v. Discover Bank, 556 U.S. 49, 60 (2009)(quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, the well-pleaded complaint rule is limited by the doctrine of "complete preemption," which acknowledges that "Congress may so completely pre-empt a particular area [of the law] that any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1986). Under this doctrine, a case may be removed on grounds that the plaintiff has asserted a claim that is preempted by § 514(a) of ERISA. See Dowden v. Blue Cross & Blue Shield of Tex., Inc., 126 F.3d 641, 642-43 (5th Cir.1997) (citing Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)). Under that provision, ERISA "shall supersede any state causes of action insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a).

In Aetna Health Inc. v. Davila, the Supreme Court addressed the scope of ERISA's complete preemption in connection with removal. 542 U.S. 200 (2004). The Davila court determined that a state law claim is completely preempted by ERISA "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and . . . there is no other independent legal duty that is implicated by a defendant's actions." Id. at 210. If "the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and . . . no legal duty (state or federal) independent of ERISA or the plan terms is violated," the claim is completely preempted by ERISA. Id.

3

Addressing the issue of ERISA preemption of third-party health care providers' claims against out-of-network insurers, the courts of this district have adopted an approach by which they consider "precisely . . . what rights the provider seeks to enforce and what it alleges has been breached." <u>Crescent City Surgical Ctr. v. Humana Health Benefit Plan of Louisiana, Inc.</u>, 2019 WL 4387152 (E.D. La. Sept. 13, 2019) (quoting <u>Center for Restorative Breast Surgery, L.L.C. v. Humana Health Benefit Plan of Lousiana, Inc.</u>, 2011 WL 1103760, at *2 (E.D. La. Mar. 22, 2011)(citation omitted)). "One possibility is that a third-party health care provider can seek to enforce its patient's rights to reimbursement pursuant to the terms of the ERISA plan, in a derivative capacity pursuant to an assignment of the patient's rights." <u>Center for Restorative Breast Surgery</u>, 2011 WL 1103760, at *2. In that case, the claim is a derivative one and completely preempted by ERISA. <u>Id.</u> In contrast, "if a health care provider can assert a right to payment based on some separate agreement between itself and an ERISA defendant (such as a provider agreement or an alleged verification of reimbursement prior to providing medical services), that direct claim is not completely preempted by ERISA." <u>Id.</u> (citations omitted). Thus, "a health care provider may also have both a valid assignment of its patient's rights and a direct claim arising under state law and can elect to assert either or both of those claims." <u>Id.</u> (citations omitted). Under that scenario, "the mere existence of an assignment of the patient's rights under the ERISA plan is jurisdictionally irrelevant so long as the provider is not actually seeking to enforce that derivative claim." <u>Id.</u>

## ARGUMENT OF THE PARTIES

United argues that notwithstanding the restrictive allegations of the petition, Crescent City is actually suing in a derivative capacity on the individual claims of the patients. Pointing to discovery which included all of the individual patient files, United contends that the alleged underpayments were based on its decision, pursuant to its ERISA plan, that certain charges were not covered. Thus, it argues that the claims can only be resolved through a determination of coverage, which is an ERISA-based dispute conferring federal subject matter jurisdiction, and thus removal was appropriate.

In response, Crescent City contends that it does not seek an adjudication of coverage for these patients, but rather the amounts that United promised to pay it in the agreement between Crescent City and United.

## APPLICATION OF LAW TO FACTS

Plaintiff's state court petition alleges that despite United's pre-authorizing treatment to be performed by Crescent City at agreed upon rates, usually through United's on-line portal, United has failed to pay the amounts it contracted to pay. The petition explicitly restricts its claims to state law claims based upon this alleged breach by United of its obligation to pay Crescent City under their agreement, waiving claims for coverage or benefits on behalf of its patients, alleging that plaintiff's claims are based solely on its status as a provider which Crescent City has underpaid, and that its claims "are not based upon the relationship between the insured and the insurer, but upon Unitedhealthcare's solicitation and knowing acceptance of Crescent Hospital's

5

services."[1] Crescent City acknowledges that it is the assignee of its patients' ERISA benefits, and could have brought derivative claims on their behalf, however, its petition specifically disavows pursuing ERISA claims assigned by United's insured. Rather, Crescent City has elected to pursue claims that are solely based on United's breach of its agreement to pay certain amounts to Crescent City, independent of any coverage arrangement with United had with its insured. Its suit is "exclusively a direct action to enforce its own legal rights to payment . . .[it] is not claiming monies for the failure of Unitedhealthcare to respect its patients' rights and . . . expressly waives same.[2]

Thus, this case presents a situation in which a health care provider is asserting a right to payment based on a separate agreement between itself and an ERISA defendant. These independent claims based upon an alleged contract between Crescent City and United are based on a legal duty independent of an ERISA plan. Accordingly, under Davila, these direct claims are not completely preempted by ERISA.

As in Crescent City's prior recent lawsuit against Humana, "[t]he analysis should not focus on what claims Crescent could have brought, but rather what claims it chose to assert. Crescent's state court petition is painstakingly clear that it is only asserting its state law claims on its own behalf and not derivatively. Crucially, Crescent specifically states its claims are "not based on any assignment of benefits from its patients," but instead are based on "Humana's solicitation and knowing acceptance of Crescent Hospital's services." Crescent City Surgical

---

[1] Petition, ¶ ¶ 31-33.

[2] Id. at ¶ 81.

Ctr., 2019 WL 4387152, *3.

Finally, as noted by Judge Barbier, "[t]o the extent [United]'s allegations are true, and Crescent is attempting to enforce derivative claims of its patients as assignee in this suit, the Court believes Louisiana state courts are fully capable of limiting Crescent's potential recovery to the claims contained in the petition." Crescent City Surgical Ctr., 2019 WL 4387152, at *4. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 5) is **GRANTED**, and this matter is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this  18th   day of November, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**